BURGESS (PRATHER v.). See Case No. 11,367.

BURGESS (ROACH v.). See Case No. 11,873.

BURGESS (SAFFORD v.). See Case No. 12,213.

BURGESS (SALMON v.). See Case No. 12,262.

BURGESS (SHERWOOD v.). See Case No. 12,775.

## Case No. 2,155.

BURGTHAL v. The GEORGE SKOLFIELD.

[Betts' Scr. Bk. 150.]

District Court, S. D. New York. October 31, 1849.

## Case No. 2,156.

In re BURK.

[Deady, 425;[1] 3 N. B. R. 296 (Quarto, 76); 2 Am. Law T. Rep. Bankr. 45.]

District Court, D. Oregon. June 27, 1868.

BANKRUPTCY—DISCHARGE—WHEN REFUSED—WHO MAY OPPOSE — SPECIFYING GROUNDS OF OPPOSITION—DEMURRER.

1. When the grounds of opposition to a bankrupt's discharge, are insufficient in law to prevent such discharge, the bankrupt may demur to the specification thereof.

[Cited in Re Jacobs, Case No. 7,160.]

2. An error in an allegation in a bankrupt's petition, is not a sufficient objection to his discharge, unless it has been sworn to by the bankrupt with knowledge of its falsity.

3. It is a good ground of opposition to a bankrupt's discharge, that he "has removed or caused to be removed any part of his property from the district, with intent to defraud his creditors" (section 29), either before or since the passage of the act.

[Distinguished in Re Signer, 20 Fed. 236.]

4. But a person who was not a creditor of the bankrupt at the time of such removal, or whose debt was then barred by lapse of time, could not have been defrauded by it, and therefore cannot make the objection.

[Cited in Re Muller, Case No. 9,912.]

5. No one has a standing in a court of bankruptcy, as a creditor, so as to be entitled to oppose a bankrupt's discharge, until he has proved his debt.

6. The allegations in opposition to a bankrupt's discharge, must be separate, certain and specific, and therefore an allegation that the bankrupt in May, 1865, removed a part of his

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

property from the district, with intent, etc., is too vague and general.

[Cited in Re Graves, 24 Fed. 552.]

In bankruptcy.

M. W. Fechheimer, for bankrupt.
Joseph N. Dolph, for creditors.

DEADY, District Judge. The bankrupt having applied for his discharge, certain persons styling themselves "creditors of James Burk, bankrupt," oppose such discharge and specify as the grounds of their opposition, the following: 1. Said Burk has not resided in or carried on business in said district of Oregon, for six months immediately preceding the filing of this petition. 2. Said Burk has removed a part of his property from the district with intent to defraud his creditors, to-wit: Said Burk, on or about the middle of May, 1865, fraudulently disposed of all his property in said district, and fraudulently left said district with the proceeds of said property with intent to defraud his creditors.

The bankrupt by his solicitor "demurs to the specification of grounds of opposition" as "insufficient in law" to prevent the discharge prayed for, being granted. No specific direction is given in the act, or in the general orders and forms, as to the mode in which the bankrupt may question the sufficiency of the grounds of opposition to this discharge. [Section 31, which authorizes the creditor opposing the discharge to specify the grounds of his opposition in writing, also provides that "the court may in its discretion order any question of fact so presented to be tried at a stated session of the district court." This provision seems to assume or imply that the court, before directing a trial concerning such "a question of fact," will exercise its discretion—judgment—and thereby determine whether the allegation of the creditor, if true, is sufficient in law to prevent the bankrupt from obtaining his discharge.] [2] Whether the objection to the specifications should be taken by demurrer or exceptions analogous to those allowed in equity, may be a question. But in one or the other of these modes it seems necessary and proper that the bankrupt should be allowed to question the sufficiency in law of the grounds of opposition to his discharge.

The first specification was abandoned on the argument as being too broad. The amended petition only avers that the bankrupt "has resided and carried on business in this district for the longest period of time during the six months next preceding the filing of his petition." The allegation is sufficient, and the objection that the bankrupt had not resided in or carried on business in the district for the full period of such six months may be true, and yet the bankrupt may be entitled to his discharge.

---

[2] [From 3 N. B. R. 296 (Quarto, 76).]

Moreover, neither the actual nor alleged residence or place of business of the bankrupt can be directly made the ground of opposition to his discharge. If he has willfully sworn falsely in relation to either—they being material facts—this fact—the false oath —may be objected to his discharge. Section 29.

The second specification is founded on the clause in section 29, which reads: "Or has removed, or caused to be removed, any part of his property from the district with intent to defraud his creditors." This clause is preceded and followed by several others in the same section, united by the disjunctive conjunction, or, and separated by semicolons, each of which prescribes a distinct and independent ground of objection, to granting a discharge. The second clause preceding this, concerns the destruction, etc., of books, etc., and is qualified by the words, "since the passage of this act." The clause in question contains no words limiting its operation to any point of time, before or since the passage of the act. Counsel for the bankrupt insists that the qualifying words in the preceding clause apply to the subsequent one; so that the removal of property by the bankrupt, with intent, etc., must have been committed since the passage of the bankrupt act [14 Stat. 517], or else it is not a sufficient ground of opposition to his discharge. The only reason given in support of this construction is, that the one clause follows the other in point of position, in the section. But these clauses, being separated by the disjunctive conjunction, have no dependence upon one another. Each only relates to the preliminary enactment or command, which declares: "No discharge shall be granted, * * * if the bankrupt," etc. Each clause is a statement of what constitutes a bar to the discharge, with only such qualifications of time and place as are therein expressly provided or fairly to be implied from the nature of the subject and the language and object of the statute. Again, if the operation of any one clause following that concerning the destruction, etc., of books, etc., is, on account of the restrictive words in the latter, limited to the time since the passage of the act, why are not all of such clauses so limited? If the restrictive words—"since the passage of the act"—apply to any one following clause, and because it is a following clause, they must for the same reason apply to all. But the fact, that the clause concerning the failure to keep proper books of account, which occurs still further on in the section, is expressly restrained to such failures occurring since the passage of the act, goes to show, that in the opinion of the law-maker, each clause, as to time, was independent of the other; and, therefore, the propriety and necessity of inserting express words of limitation or restriction in any clause, which was not intended to apply to acts or omis-

sions, done or suffered prior to the passage of the act. It being evident that the clause in question is not restrained by the language in the preceding clause, I next consider, whether the nature of the subject, or the language and object of the statute furnish any reason for construing the clause, so as to limit its operations to removals of property occurring since the passage of the act.

The object of the bankrupt act is two-fold: First, to secure a just and equal distribution of the bankrupt's effects among his creditors; and second, to discharge the bankrupt from his debts, provided that he has not conducted himself dishonestly in the premises. To remove one's property from the district or country where one has done business and obtained credit, with the intent to defraud the persons giving such credit, is intrinsically wrong—contrary to good morals—independent of the bankrupt act. Then, whether the property of Burk was removed from the district before or after the passage of the act, it was equally a dishonest act, if done with intent to defraud his creditors, and ought to prevent his obtaining his discharge from his debts. [If this be true, he may be a bankrupt, but not an honest one.][3] But a person who was not a creditor at the time of such removal, or whose debt was then barred by the statutes of limitations, could not have been defrauded by it, and therefore cannot be heard to make the objection. Practically, as to him, it is not true.

So much for the principal question. The objections on the part of the creditors, or the persons styling themselves "creditors of James Burk, bankrupt," do not directly aver that either of them is a creditor entitled to make the objection—that is a creditor who has proved his debt. Form No. 53, of the general orders and forms, contains the averment, or more correctly speaking, recital, that the creditor has proved his debt with a blank to be filled up with the amount. For aught that I know the persons making these objections, are creditors of James Burk in a general sense, but they cannot be regarded as his creditors in a court of bankruptcy, until it appears that they have proved their debts. The objections allege that the fraudulent removal of property by the bankrupt occurred in May, 1865, but it does not appear whether any of these alleged creditors were then creditors of Burk or not. If they were not, the removal could not have been made with intent to defraud them, and therefore the objection is insufficient. I am also of the opinion that the specification concerning the removal of the property, is altogether too vague and general to be reliable. In Re Rathbone [Case No. 11,580], Blatchford, J., in considering this subject, says: "The specifications of the ground of opposition to a discharge, must, under section 31 of the act,

and general order No. 24, be as specific as the specifications of the ground for avoiding a discharge after it is granted, required by section 34 of the act. The allegations must be allegations of fact, and must be distinct, precise and specific, and must not be allegations merely in the language of section 29 of the act, or allegations so general, as really not to advise the bankrupt what facts he must be prepared to meet and resist."

The demurrer is sustained. The creditors may have further time to file amended objections in accordance with this opinion, if desired. [What constitutes a removal of property, with intent to defraud creditors, will be reserved for the final hearing.][4]

---

[3] [From 3 N. B. R. 296 (Quarto, 76), and Am. Law T. Rep. 45.]

[1] [From 3 N. B. R. 296 (Quarto, 76), and 2 Am. Law T. Rep. 45.]
[1] [Reprinted by permission.]