KEATING (MAISSONNAIRE v.). See Case No. 8,978.

KEDGELEY (WILSON v.). See Case No. 17,815.

KEEFE (UNITED STATES v.). See Case No. 15,509.

## Case No. 7,636.

### In re KEEFER.

[4 N. B. R. 389 (Quarto, 126);[1] 3 Chi. Leg. News, 125.]

District Court, E. D. Michigan.  Nov., 1870.

BANKRUPTCY — FORMER ACTS OF BANKRUPTCY — PROPERTY SOLD TO RAISE BANKRUPT CHARGES —FALSE SWEARING TO SCHEDULE—DISCHARGE.

1. An act of bankruptcy committed a long time before the passage of the United States bankrupt act of 1867 [14 Stat. 517] is no ground for refusing a discharge.

[Cited in Re Signer, 20 Fed. 237.]

2. A bankrupt may sell property to raise money for the purpose of procuring means to defray his expenses in contemplated bankruptcy proceedings, provided he does not sell at a sacrifice, and that the sum so raised is reasonable in amount.

[Cited in Re Parsons, 15 Mass. 345, 23 N. E. 50.]

3. A specification in opposition to a discharge, to conform to the requirements of section 29 of said bankrupt act, must allege willful false swearing as well as willful omission from schedule.

In bankruptcy.

Mr. Kent, for opposing creditor.
G. V. N. Lothrop, for bankrupt.

LONGYEAR, District Judge. Opposition to discharge on specifications filed by Rowland Swift, a creditor who has proved his debt against the said bankrupt's estate.

The first specification is substantially, that the bankrupt, on the 12th day of March, 1861, caused certain real estate to be conveyed to his wife, Elmira C. Keefer, with intent to hinder, delay, and defraud the creditors of the said bankrupt. In Re Rosenfield [Case No. 12,058], Judge Field, of the district of

[1] [Reprinted from 4 N. B. R. 389 (Quarto, 126), by permission.]

New Jersey, held that in such case, the act, in order to constitute a bar to a discharge, must have been committed since the passage of the bankrupt act. I fully concur in the reasoning and conclusion in that case. The act being alleged to have been committed a long time before the passage of the act, is therefore no ground for refusing a discharge. There is an allegation in said specification, that "said bankrupt has willfully omitted said premises from the schedule attached to his said petition." This is entirely insufficient, for the reason that it is not alleged that the bankrupt has willfully sworn falsely in his affidavit annexed to his schedule or inventory, as expressly required by the act. Section 29.

The second specification is, in substance, that on the 25th day of May, 1868, the bankrupt, in contemplation of bankruptcy, and by way of preference, and to prevent the same from coming to the hands of his assignee, sold certain real estate to one Henry Waldron. This specification is not supported by the proofs. It appears that the land was sold by the bankrupt for cash, and for the purpose of procuring means to defray his expenses in the contemplated bankruptcy proceedings. It is well settled that a bankrupt may use money for that purpose, and I can see no good reason why he may not sell property to raise money for the same purpose, provided he does not sell at a sacrifice, and that the sum so raised is reasonable in amount.

The third specification is not sustained for the same reasons above given as to the second.

The fourth and last specification is, in substance, that the bankrupt "fraudulently neglected and willfully omitted to include" certain specified personal property claimed to be owned by the wife of the bankrupt, "and all the above described real estate in his petition and inventory." But here again, as in the first specification, there is no allegation of willful false swearing, as is necessary to make the specification conform to the requirements of section 29 of the bankrupt act. The opposition to discharge is therefore not sustained.

[NOTE. Subsequently, Keating, assignee in bankruptcy of Henry M. Keefer, filed his bill in the circuit court against Elmira C. Keefer, the wife of the bankrupt, for the purpose of compelling a conveyance to the assignee of the real estate conveyed by deed of March 12, 1861, by the bankrupt to his wife. The bill alleged that the conveyance was made, and that the title to said property is now held by the defendant, with intent to delay, hinder, and defraud the creditors of the said Henry M. Keefer, the bankrupt. The court, upon a full consideration of the case, decreed the property to be a part of the assets of the bankrupt, and subject to distribution. Case No. 7,635.]